UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | |
| | : | Case No. 1:21-cr-371 (RC) |
| JONAH WESTBURY, | : | |
| | : | |
| Defendant. | : | |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 1:21-cr-605 (RC) |
| | : | |
| ISAAC WESTBURY, | : | |
| AARON JAMES, and | : | |
| ROBERT WESTBURY, | : | |
| | : | |
| Defendants. | : | |

**GOVERNMENT'S RESPONSE TO REPORT AND RECOMMENDATION
OF CONFLICT COUNSEL**

The United States of America, by its attorney, Matthew M. Graves, United States Attorney for the District of Columbia, and Jordan A. Konig, Trial Attorney, U.S. Department of Justice, submits this Response to the Report and Recommendation of Conflict Counsel, ECF No. 49.

The United States agrees with the Conflict Counsel that the Court should adopt and implement the procedures proposed in the Report and Recommendation Regarding Single Attorney Representing Three Co-Defendants in the Same Case prepared in *United States v. Lesperance*, No. 1:21-CR-575 (EGS), ECF No. 18. As in that case, several potential conflicts of joint representation may arise here, (1) in the area of plea negotiations, where the Government will require that each defendant provide truthful information about his conduct and the actions of his co-defendants on January 6, 2021; (2) in the event of a trial, where the defendants' alleged conduct is of different levels of severity, one or more of the co-defendants may wish to testify, and defense

1

counsel may be required to argue inconsistent positions for his clients and argue their relative culpabilities; and (3) at sentencing, where defense counsel may have to argue that one or more defendants is more culpable than others. *See id.* at 12-13.

Even if none of the defendants intends to cooperate against his co-defendants, ECF No. 49 at 2, the United States will require that any written plea agreement be accompanied by a statement of offense containing a full factual basis for conviction. Such a factual predicate entails a truthful description of the defendant's conduct on January 6, 2021, which necessarily would include inculpatory information about his co-defendants. That is, in order to obtain credit for acceptance of responsibility at sentencing, a defendant likely would need to provide full information about his co-defendants' misconduct, creating an actual conflict of representation. Moreover, a disparity in culpability among the four defendants is not merely hypothetical. Two defendants, Isaac Westbury and Aaron James, are charged with multiple felonies for their violent attack on law enforcement officers on January 6, 2021, including by physically assaulting (with a police shield) multiple uniformed officers. *See United States v. Westbury,* No. 1:21-cr-605, ECF No. 35. The remaining defendants, Robert Westbury and Jonah Westbury, are charged only with misdemeanors for unlawfully entering and engaging in disorderly or disruptive conduct in the U.S. Capitol Building on January 6, 2021. *Id.*; *see also United States v. Westbury*, No. 1:21-CR-371, ECF No. 44.

Due to attorney-client privilege, the United States cannot confirm that each defendant here is aware of those and other risks of joint representation and is prepared to voluntarily, knowingly, and intelligently waive any actual or potential conflicts. *See* ECF No. 49 at 2-3. Indeed, as recognized by the Report and Recommendation in *Lesperance*, "one must seriously question the ability of most criminal defendants to appreciate fully the significance of conflicts of interest." *Lesperance*, ECF No. 18 at 17 (quoting John Stewart Greer, REPRESENTATION OF MULTIPLE

CRIMINAL DEFENDANTS: CONFLICTS OF INTEREST AND THE PROFESSIONAL RESPONSIBILITIES OF THE DEFENSE ATTORNEY, 62 Minn. L. Rev. 119, 154 (1978)).  Potential conflicts arising from single lawyer representation of multiple co-defendants "'are difficult enough for a lawyer to assess, and even more difficult to convey by way of explanation to a criminal defendant untutored in the niceties of legal ethics.'"  *Id.* (quoting *Wheat v. United States*, 486 U.S. 153, 163 (1988)).

Accordingly, the United States requests that the Court adopt all of the recommendations of the Conflict Counsel in *Lesperance*. *Id.* at 20-23.  Although it was not recommended by Conflict Counsel in this matter, the Government specifically urges the Court to appoint each defendant separate counsel to thoroughly advise him on the conflict issues arising from their joint representation by John Pierce.  As in *Lesperance*, the Court should appoint each defendant an independent "'experienced counsel having no stake in an ongoing attorney-client relationship or the fees that may be generated therefrom' to advice each co-defendant about potential conflicts that could arise." *Id.* at 21 (quoting *United States v. Carlyle*, 964 F. Supp. 8, 9, 13 (D.D.C. 1997)).  By doing so, the Court may develop a record to support a finding that any defendant's waiver of conflict-free counsel has been established by "clear, unequivocal, and unambiguous language." *Id.* at 23 (quoting *Carlyle*, 964 F. Supp. at 13 n.4).

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY

*/s/ Jordan A. Konig*
JORDAN A. KONIG
Trial Attorney, U.S. Department of Justice
Detailed to the U.S. Attorney's Office
For the District of Columbia
P.O. Box 55
Washington, D.C.  20044
202-305-7917 (v) / 202-514-5238 (f)
Jordan.A.Konig@usdoj.gov