**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Criminal No. 21-CR-371** |
| | : | |
| **JONAH WESTBURY,** | : | |
| | : | |
| **Defendant.** | : | |

**CONSENT MOTION TO CONTINUE AND**
**TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT**

The United States of America hereby moves this Court for a continuance of the case presently set for March 4, 2024, and to exclude the time within which the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 et seq. from the date this Court enters an Order on this motion through and including the date of the next hearing, April 30, 2024.

The basis for the requested exclusion of time under the Speedy Trial Act is that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv),

Government counsel has communicated with counsel for the defendant and has received permission to the file this motion unopposed.

**FACTUAL AND PROCEDURAL BACKGROUND**

On January 6, 2021, Jonah Westbury participated in the riot at the U.S. Capitol. On March 29, 2021, Jonah Westbury was charged by Complaint with violations of 18 U.S.C. § 1752(a)(1) (Entering and Remaining in a Restricted Building or Grounds); 18 U.S.C. § 1752(a)(2) (Disorderly and Disruptive Conduct in a Restricted Building or Grounds); 40 U.S.C. § 5104(e)(2)(D) (Disorderly Conduct in a Capitol Building or Grounds); and 40 U.S.C. § 5104(e)(2)(G) (Parading,

Demonstrating, and Picketing in a Capitol Building). The defendant was arrested in the District of Minnesota on or about April 9, 2021, and were released on conditions. The defendant made his first appearance in the District of Columbia on April 14, 2021. Jonah Westbury was charged by Information on May 21, 2021.  ECF No. 13.

On September 29, 2021, the defendant's father and two brothers were charged in a ten-count indictment for their actions on January 6, 2021. *United States v. Isaac Westbury et al*., Case No. 21-cr-605 (RC), ECF No. 1. In particular, Isaac Westbury and Aaron James were charged in Count One with Civil Disorder and in Count Two with Assaulting, Resisting, or Impeding Certain Officers Using a Dangerous Weapon in violation 18 U.S.C. § 111(a)(1) and (b).  *Id*.  On January 26, 2022, Jonah Westbury's relatives were charged in a Superseding Indictment.  ECF No. 35. The Superseding Indictment contained the same ten charges but modified the language for the civil disorder violation contained in Count One. *Id*. A Second Superseding Indictment was returned on January 8, 2024.  ECF No. 122. The Second Superseding Indictment charged all four family members in the same indictment.  *Id*.  Trial of all four defendants was scheduled to begin February 12, 2024.  However, in the wake of the defendants' motion to continue, trial was moved to March 4, 2024.  New counsel then enrolled on behalf of four defendants in Case No. 21-cr-605 but not in Case No. 21-cr-371, which is still pending. A status conference is scheduled for April 30, 2024 at which all four defendants will appear. During this status conference, the court will further inquire about the risks for potential conflict of interests for all four defendants being represented by the same counsel.

## ARGUMENT

**Continuance of Status Conference**

A continuance of the *United States v. Jonah Westbury* case is appropriate because the government and the defendant need additional time to discuss a potential pre-trial resolution of the case, and address the intricacies involved with conflict of interests analysis. Further, a continuance will provide the defendant, who is now represented by newly retained counsel, with the opportunity to meaningfully review the discovery and determine how best to proceed, including making decisions regarding the filing of pretrial motions.

**Exclusion of Time**

Section 3161(h) of the Speedy Trial Act sets forth certain periods of delay which the Court must exclude from the computation of time within which a trial must commence. As relevant to this motion for a continuance, the Court must exclude:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A).

This provision further requires the Court to set forth its reasons for finding that that any ends-of-justice continuance is warranted. *Id.* Subsection (h)(7)(B) sets forth a non-exhaustive list factors that the Court must consider in determining whether to grant an ends of-justice continuance, including:

> i.   Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> ii.  Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it

is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

…

iv. Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(i), (ii), and (iv).

Importantly, "[i]n setting forth the statutory factors that justify a continuance under subsection (h)(7), Congress twice recognized the importance of adequate pretrial preparation time." *Bloate v. United States*, 559 U.S. 196, 197 (2010) (citing § 3161(h)(7)(B)(ii), (B)(iv)). Finally, an interests-of-justice finding is within the discretion of the Court. See, e.g., *United States v. Rojas-Contreras*, 474 U.S. 231, 236 (1985); *United States v. Hernandez*, 862 F.2d 17, 24 n.3 (2d Cir. 1988).

In this case, an ends-of-justice continuance is warranted under 18 U.S.C. § 3161(h)(7)(A) based on the factors described in 18 U.S.C. § 3161(h)(7)(B)(i), (ii), and (iv). The need for a reasonable time to organize, produce, and review voluminous discovery is among multiple pretrial preparation grounds that Courts of Appeals have routinely held sufficient to grant continuances and exclude the time under the Speedy Trial Act. See, e.g., *United States v. Bikundi*, 926 F.3d 761, 777-78 (D.C. Cir. 2019). Furthermore, the defendant agrees to exclude time under the Speedy Trial Act. Accordingly, the ends of justice served by granting a request for a continuance outweigh the best interest of the public and the defendant in a speedy trial.

## CONCLUSION

WHEREFORE, the Government respectfully requests that this Court grant the motion to continue the case until April 30, 2024. The Government further requests that the Court exclude the time within which the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 et seq. from the date this Court enters an Order on this motion, through and including the date of the next hearing, on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and the defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv).

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052

/s/ Cytheria D. Jernigan
CYTHERIA D. JERNIGAN
Assistant U.S. Attorney
DC Bar No. 494742
U.S. Attorney's Office WDLA
Detailed to the U.S. Attorney's Office
For the District of Columbia
601 D. Street, NW
Washington, D.C.  20001
(318) 676-3611 (v)
Cytheria.Jernigan@usdoj.gov


/s/ Andrew S. Haag
ANDREW S. HAAG
MA Bar No. 705425
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-7755
Andrew.Haag@usdoj.gov

5